IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JIMMIE L. LAPSLEY,

                Plaintiff,

v.                                        CIVIL ACTION NO. 3:24-0204

CITY OF HUNTINGTON, WEST VIRGINIA,
a municipal corporation, and
KATHY BURKS,
individually and in her capacity as the Director of
Finance for the City of Huntington, West Virginia,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants City of Huntington and Kathy Burks, individually and in her capacity as the Director of Finance for the City of Huntington. ECF No. 14. Plaintiff Jimmie L. Lapsley opposes the motion. For the following reasons, the motion is **GRANTED**.

**I.**
**FACTUAL ALLEGATIONS**

Pursuant to West Virginia Code § 8-13-13, the City of Huntington has enacted ordinances to provide refuse and fire protection services. *First Am. Compl.* ¶¶4, 15. To pay for those services, the City charges property owners $60 per quarter for refuse service and "$108 per lot plus $0.0662 per square foot of each building or structure existing on each such lot (the fire fee)." *Id.* ¶¶8, 9, 16. Both fees are deemed delinquent if not paid within 30 days. *Id.* ¶¶10, 19. With respect to the refuse fee, Huntington ordinance Article 951.08(e) provides, in part:

> There shall be added to each delinquent account a penalty of 5% of the balance thereof on the 31st day after the bill has been sent. Thereafter, a penalty of 5% shall be added to the total outstanding balance at the end of each billing period.

*City of Huntington Ordinance*, Art. 951.08(e), in part, ECF No. 7-1, at 10. Similarly, if the fire fee is not paid within 30 days, Article 773.05 of the City's ordinance provides, in part:

> There shall be added to each delinquent account a penalty of 2% of the balance thereof on the 31st day after the bill has been sent. Thereafter, a penalty of 2% shall be added to the total outstanding balance at the end of each quarter.

*Id.*, Art. 773.05, I part ECF No. 7-1, at 3.

Plaintiff asserts in his First Amended Complaint that since 1991 he has owned a single-dwelling house located in Huntington, West Virginia, and he is charged $60 per quarter for refuse service and $48.18 per quarter for fire protection. *First Am. Compl.* ¶¶21-23. Plaintiff claims that, due to insufficient funds, he has failed to pay some of those fees in the past, "either fully or timely, . . . and consequently he accrued a delinquent balance for unpaid bills." *Id.* ¶¶24, 25. As a result of his delinquency, Defendant Kathy Burks, as the Director of Finance for the City of Huntington, filed liens in 2022 against Plaintiff's property totaling $10,815.93 for refuse charges and $4,911.83 for fire service charges. *Id.* ¶¶26, 27. Plaintiff claims that a transaction statement sent to him in 2022 shows he paid $190 toward his delinquent refuse account, but Defendants assessed and imposed $2,456.98 in penalties and $240 in refuse charges against him that same year. *Id.* ¶30. Likewise, for the first eight months of 2023, Plaintiff paid $542.50 toward his refuse account, which was 452% more than his $120 in charges, yet Defendants imposed $1,392.84 in penalties, increasing his balance from $13,767.83 to $14,261.47. *Id.* ¶31.

As to his fire service fees, Plaintiff asserts he paid $157.28 more than the fee due in 2022, but he was assessed $398.30 in penalties and $192.72 in charges. *Id.* ¶32. Additionally, for the first eight months of 2023, Plaintiff states he paid 318% of the fire service charges assessed to him, but he was assessed $303.47 in penalties. *Id* ¶33.

Plaintiff claims Defendants "negligently, wrongfully, improperly, illegally and/or irresponsibly failed and/or refused to recognize and apply any period of limitations in collecting delinquent refuse and fire service charges." *Id.* ¶37 (footnote omitted). Plaintiff alleges that some of his charges became delinquent more than ten years earlier, "creat[ing] a billing scheme generating extreme penalties that bear no relation to the harm caused by [his] inability to pay his City service charges." *Id.* ¶38. Plaintiff asserts "[t]he penalties assessed and imposed upon [his] time barred charges create grossly disproportionate penalties violating the Eighth Amendment to the United States Constitution which precludes and prohibits the City and the Director from imposing excessive penalties." *Id.* ¶43. As a result of what Plaintiff maintains is an unconstitutional excessive penalty, he filed this action pursuant to 42 U.S.C. § 1983, seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202[1] from these penalties and liens against his property. *Id.* ¶52. Plaintiff also requests punitive damages. *Id.* ¶50.

---

[1] In relevant part, § 2201(a) provides, "[i]n a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201, in part. Section 2202 states: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

One week after Plaintiff filed this action, he joined four other named plaintiffs in filing a putative class action lawsuit in the Circuit Court of Cabell County against the same defendants named in this case with the addition of Huntington Mayor Steve Williams[2] and Sherry Wilkins, the Director of the Huntington Stormwater Utility. On June 17, 2024, that lawsuit was removed to federal court and is now pending before a different judge in this district.[3] *See Casto Land, Inc. v. City of Huntington*, No. 3:24-00296 (S.D. W. Va. June 17, 2024). In the now operative Second Amended Complaint in *Casto Land, Inc.* (hereinafter the Casto Complaint), the class plaintiffs challenge the propriety and legality of the fire, refuse, vacant building, and stormwater penalties assessed and liens imposed by the defendants. However, the class plaintiffs do not make an Eighth Amendment excessive fine claim. Instead, the class plaintiffs generally seek and/or allege: (1) a declaratory judgment that the liens are facially void, wrongful, improper, and illegal (Count One); (2) a declaratory judgment that certain fees and liens are time barred (Count Two); (3) a finding that certain liens are fraudulent (Count Three); (4) a violation of the West Virginia Consumer Credit Protection Act (Count Four); (5) a § 1983 action for violating the class plaintiffs' due process rights (Count Five); and (6) a claim for a refund of time barred fees and ultra vires payments (Count Six).[4] Defendants argue Plaintiff, as a named class plaintiff, has improperly split

---

[2]The current mayor of Huntington is Patrick Farrell.

[3]This case was assigned to the Honorable Joseph R. Goodwin, District Judge. However, the parties consented to a United States Magistrate Judge conducting all further proceedings in the case. Therefore, all proceedings currently are before the Honorable Joseph K. Reeder, Magistrate Judge.

[4]For purposes of this decision, the Court only describes the plaintiffs' class action claims in general terms. Although the class plaintiffs describe the nuances of each claim in greater detail in their Second Amended Complaint, it is unnecessary for this Court to discuss those details here.

his claims into two lawsuits. Plaintiff disagrees. For the following reasons, the Court agrees with Defendants.[5]

## II.
## CLAIM SPLITTING

The Fourth Circuit has held that "[t]he rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x. 256, 265 (4th Cir. 2008) (internal quotation marks and citation omitted). In other words, the rule bars a plaintiff from bringing two separate actions "aris[ing] out of the same transaction or series of transactions or the same core of operative facts"[6] against the same defendants or defendants in privity with one another. It is not necessary for the claims to be identical "[a]s a single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law." *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (internal quotation marks and citation omitted). "While claim-splitting and res judicata both promote judicial economy and shield parties from vexatious and duplicative litigation, claim splitting is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting finality of judgments." *Sargent v. MaineHealth*, Civ. Act No. 2:22-00006-JAW, 2022 WL 2132272, at *10 (D. Me. June 14, 2022)

---

[5]In addition to their improper claim splitting argument, Defendants also move to dismiss the First Amended Complaint on a variety of other grounds, including: Defendant Burke is entitled to qualified immunity and Plaintiff has failed to state a § 1983 claim against the City; the City is statutorily immune from any claims they negligently failed to adopt an ordinance or law; the City is immune from an employee's intentional conduct; and Plaintiff cannot establish wanton and/or reckless conduct on the part of Defendant Burke. As the Court finds Plaintiff has improperly split his claims, the Court declines to address these other arguments.

[6]*Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (internal quotation marks and citation omitted).

(internal quotation marks and citations omitted). A court has wide discretion in determining whether actions are duplicative of one another, *id.*, and an action may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a court finds improper claim splitting exists. *Neal v. Frayer*, Civ. Act. No. 24-0778-BAH, 2025 WL 621984, at *2 (D. Md. Feb. 26, 2025) (stating "improper claim splitting may be considered grounds for dismissal under Rule 12(b)(6)" (citations omitted).

Here, Plaintiff does not contest that his Eighth Amendment claim in his First Amended Complaint related to refuse fees and liens arises from the same core set of facts that serve the basis for his putative class claim in the Casto Complaint.[7] Instead, Plaintiff states that he considered alleging an Eighth Amendment claim in the class action, but he decided it would be too problematic to define a class. Therefore, he decided to bring this separate action to litigate his additional claim. Plaintiff asserts he is not claim splitting because he could not reasonably bring his Eighth Amendment claim as a class action. Additionally, he argues a class action "is one of the recognized exceptions to the rule against claim-splitting." *Gunnells v. HealthPlan Servs., Inc.*, 348 F.3d 417, 432 (4th Cir. 2003) (internal quotation marks and citations omitted). However, the Court disagrees with Plaintiff's analysis.

The class action exception to the rule against claim splitting does not apply to this situation. Rather, the "exception protects <u>absent</u> class members who had no choice in determining what claims the class action encompasses (and especially for an opt-out class) from being barred

---

[7]A different class representative in the Casto Complaint alleged facts related to the fire fees and liens.

from asserting their individual grievances which were not included in the class action." *Simmtech Co. v. Citibank, N.A.*, Civ. Act. No. 13-6768, 2016 WL 4184296, 87 (S.D. N.Y. Aug. 3, 2016) (emphasis original; citation omitted). Even in *Gunnells*, relied upon by Plaintiff, the Fourth Circuit explained that "Rule 23(c)(2) permits members of a class maintained under section (b)(3) to opt out of the class, providing an option for those Plaintiffs who wish to pursue claims against [a defendant] requiring more individualized inquiry." *Gunnells*, 348 F.3d at 432. Here, Plaintiff is neither an absent class member nor attempting to opt out of the class to pursue his individual claims. Instead, he made a choice to file an individual suit alleging an Eighth Amendment claim and then almost immediately chose to be named as a class representative in a separate action alleging different claims based upon the same set of core facts. Plaintiff easily could have avoided his current predicament by filing all his claims in this action and deciding not to pursue the class action or by including this claim along with the other class claims. However, his decision to bring both actions run afoul of the doctrine against claim splitting. Additionally, although the class action includes the City's Mayor and its Director of the Huntington Stormwater Utility, who were not named in Plaintiff's individual lawsuit, both the Mayor and the Director work for, and are in privity with, the City.[8] Therefore, the Court finds the addition of these defendants is of little consequence.

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants City of Huntington and Kathy Burks,

---

[8]Moreover, Plaintiff has not alleged any facts related to stormwater fees and liens. A different named class representative alleges those facts.

individually and in her capacity as the Director of Finance for the City of Huntington (ECF No.

14)[9] and **DIRECTS** the Clerk to **DISMISS** this action from the docket of the Court.


The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record

and any unrepresented parties.

ENTER:        March 4, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[9]The Court recognizes that when claim splitting is found a court typically is asked to dismiss the second lawsuit. However, the second lawsuit is not an action pending before me, and the motion I must resolve is whether to dismiss the first-filed lawsuit, which is Plaintiff's individual claim. Although the motion presents an unusual posture, the Court finds that docket management, judicial economy, and the prevention of vexatious and duplicative litigation is best served by dismissing this action.